(R.D. 11548)

AUTHENTIC FURNITURE PROD. INC. ARTHUR J. FRITZ & CO., INC. } *v.* UNITED STATES

Entry No. 1081968, etc.

(Decided June 20, 1968)

*Stein & Shostak* for the plantiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein:

1. That on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or in the absence of sales freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were invoice unit prices net packed.

2. That the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule is not identified in the Final

List published by the Secretary of the Treasury in T.D. 54521, pursuant to the Customs Simplification Act of 1956, T.D. 54721 [sic], effective February 27, 1958.

3. That all the merchandise covered by the appeals for reappraisement was entered for consumption subsequent to February 27, 1958.

4. That the appeals for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise herein involved, and that such values for the merchandise covered by these appeals were the invoice unit prices, net packed.

Judgment will be entered accordingly.